UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| **Associated Builders & Contractors of Western Pennsylvania**; **Alex E. Paris Contracting Company Inc.**; **Westmoreland Electric Services LLC**; **Lawrence Plumbing LLC**; **David R. Smith**; **Kirtus L. Rumbaugh**; **Joseph L. Corn**; **Andrew Cilia**; **Keith A. Impink**, <br><br>        Plaintiffs, <br><br> v. <br><br> **County of Westmoreland**, <br><br>        Defendant. | Case No. _____ |

# COMPLAINT

The plaintiffs bring suit to enjoin the County of Westmoreland from enforcing its "project labor agreement" with the Pittsburgh Regional Building Trades Council.

The county's "project labor agreement" prohibits contractors from doing business with the county unless they recognize a union affiliated with the Pittsburgh Regional Building Trades Council as the exclusive representative of their employees—even if the contractor's employees have chosen not to unionize, and even if the contractor's employees have chosen a different union to represent them. It also compels employees of a county contractor or subcontractor to become a dues-paying member of that union and maintain their union membership while working on a county construction project. And it compels county contractors and subcontractors to contribute to that union's pension and health-care funds and operate in accordance with that union's work rules and employment procedures. The county imposes this "project

labor agreement" on every construction project for the county that exceeds $150,000 in costs, and it imposes these requirements on every contractor and subcontractor engaged in on-site construction work. *See* Agreement Between the County of Westmoreland and the Pittsburgh Regional Building Trades Council, dated May 26, 2016) (attached as Exhibit 1).

The county's project labor agreement violates the rights of contractors and their employees under the First and Fourteenth Amendments and the National Labor Relations Act. It also violates state competitive-bidding laws. The plaintiffs seek declaratory and injunctive relief against its continued enforcement.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

3. Assignment to the Pittsburgh Division is proper because Westmoreland County is located within that division. *See* Local Civil Rule 3. In addition, the plaintiffs' claims against Westmoreland County arose in this division. *See id.*

## PARTIES

4. Plaintiff Associated Builders & Contractors of Western Pennsylvania (ABC) is a membership organization of contractors who operate in western Pennsylvania. Its offices are located at 2360 Venture Drive, Gibsonia, Pennsylvania 15044.

5. Plaintiff Alex E. Paris Contracting Company Inc. (Alex E. Paris) is a corporation that performs contracting work in western Pennsylvania. Its offices are located at 1595 Smith Township Road, Atlasburg, Pennsylvania 15004. Alex E. Paris is a member of ABC.

6. Plaintiff Westmoreland Electric Services LLC (Westmoreland Electric) is a business that performs contracting work in western Pennsylvania. Its offices are located at 193 Central Road, Tarrs, Pennsylvania 15688. Westmoreland Electric is a member of ABC.

7. Plaintiff Lawrence Plumbing LLC (Lawrence Plumbing) is a business that performs contracting work in western Pennsylvania. Its offices are located at 1133 Industrial Park Road, Vandergrift, Pennsylvania 15690. Lawrence Plumbing is a member of ABC.

8. Plaintiff David R. Smith resides in Westmoreland County, Pennsylvania. He is employed by Westmoreland Electric, which is a member of ABC.

9. Plaintiff Kirtus R. Rumbaugh resides in Westmoreland County, Pennsylvania. He is employed by Westmoreland Electric, which is a member of ABC.

10. Plaintiff Joseph L. Corn resides in Westmoreland County, Pennsylvania. He is employed by Silvis Group Inc., which is a member of ABC.

11. Plaintiff Andrew Cilia resides in Westmoreland County, Pennsylvania. He is employed by Alex E. Paris Contracting Company Inc., which is a member of ABC.

12. Plaintiff Keith A. Impink resides in Westmoreland County, Pennsylvania. He is employed by Westmoreland Electric Services, which is a member of ABC.

13. Defendant County of Westmoreland is a political subdivision of the Commonwealth of Pennsylvania.

## FACTS

14. A project labor agreement (PLA) is a government-mandated union collective-bargaining agreement that all contractors must sign to work on a public-works construction project.

15. A project labor agreement forces government contractors to: (a) recognize certain government-approved unions as the exclusive representative of their employees; (b) require that their employees become dues-paying members of these government-approved unions as a condition of their continued employment; (c) contribute to the government-approved union's pension and healthcare funds; (d) operate according to the government-approved union's work rules; and (e) follow the government-approved union's procedures for hiring, firing, and disciplining employees who perform construction work on a county project.

16. Twenty-five (25) states ban the use of PLAs.[1]

17. On May 26, 2016, the County of Westmoreland ("the County") entered into a project labor agreement with the Pittsburgh Regional Building Trades Council.

18. This project labor agreement applies to all "qualifying construction projects for the County of Westmoreland costing in excess of $150,000.00." Agreement Between the County of Westmoreland and the Pittsburgh Regional Building Trades Council, dated May 26, 2016 ¶ 1 (attached as Exhibit 1). The agreement says that it will remain in effect for three years and "shall remain effective on a year to year basis thereafter until or unless it is terminated by either party between 90 and 60 days before its expiration." *Id*.

19. For each of these "qualifying construction projects," the County must "indicate in its bid specifications . . . that a Project Labor Agreement shall be applicable." *Id*. ¶ 2. The County must also make its project labor agreement with the Pittsburgh Regional Building Trades Council available to prospective bidders for inspection. *Id*.

---

1. The States that ban PLAs are: Alabama, Arkansas, Idaho, Iowa, Florida, Georgia, Kentucky, Louisiana, Mississippi, Missouri, Michigan, Montana, Nevada, New Mexico, North Carolina, North Dakota, Nebraska, Oklahoma, South Carolina, South Dakota, Tennessee, Utah, Virginia, West Virginia, and Wisconsin.

20. Only contractors (and subcontractors) who agree to the terms of the County's project labor agreement with the Pittsburgh Regional Building Trades Council are eligible to perform construction work on a "qualifying construction project." *Id.* ¶ 4. *See also* Agreement Between the County of Westmoreland and the Pittsburgh Regional Building Trades Council, dated May 26, 2016, Exhibit A, article I, § 1 ("[A]ll construction work covered by this Agreement on the Project shall be contracted exclusively to contractors that agree to execute and become bound by this Agreement.") (attached as Exhibit 1).

21. The County's project labor agreement compels these contractors and subcontractors to recognize a union that belongs to the Pittsburgh Regional Building Trades Council as the "sole and exclusive bargaining representatives of all craft employees within their respective jurisdictions working on the Project." *See id.*, Exhibit A, article VI, § 1.

22. The County's project labor agreement also compels every employee of these contractors and subcontractors to become dues-paying members of a union in the Pittsburgh Regional Building Trades Council if they are performing construction work on a county project. *See id.*, Exhibit A, article VI, § 8. It also requires the contractor or subcontractor to immediately fire any employee that does not join one of these unions as required by the project labor agreement. *See id.* These requirements apply regardless of whether the contractor's employees have voted to join a different union, and regardless of whether those employees have chosen to decline union representation.

23. Finally, the County's project labor agreement requires county contractors and subcontractors to contribute to that union's pension and health-care funds. *See id.*, Exhibit A, article XIII, § 2.

## FACTS RELATED TO STANDING

24. Plaintiff Associated Builders & Contractors of Western Pennsylvania (ABC) is a membership organization of contractors who operate in western Pennsylvania. Almost all of ABC's members are non-union. In addition, one of ABC's members, Alex E. Paris Contracting Company Inc., employs workers represented by the United Steelworkers, which is not a member of the Pittsburgh Regional Building Trades Council.

25. The employees of the non-union ABC contractors have exercised their right not to unionize—a right that is protected both by the First Amendment and by the National Labor Relations Act. The employees of Alex E. Paris have exercised their right to elect the United Steelworkers as their collective-bargaining representative, a right that is similarly protected by the National Labor Relations Act.

26. ABC has associational standing to challenge the County's project labor agreement.

27. To establish associational standing, an entity must show that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

28. The non-union members of ABC would have standing to challenge the County's project labor agreement if they sued as individuals, because the County's project labor agreement prohibits the non-union members of ABC from working on the County's construction projects in excess of $150,000 unless they: (1) recognize a union that belongs to the Pittsburgh Regional Building Trades Council as the exclusive representative of their employees—even though its employees have exercised their constitutional and statutory rights to decline union representation; (2) force

their employees to join that union as a condition of their continued employment; and (3) contribute to that union's pension and health-care funds. This inflicts injury in fact, and this injury will be remedied by an injunction against the continued enforcement of the County's project labor agreement.

29. ABC member Alex E. Paris Contracting Company Inc. would have individual standing to challenge the County's project labor agreement for the same reason.

30. The interests that ABC seeks to protect in the litigation are germane to the organization's purpose. As ABC explains on its website: "Each ABC member firm, regardless of its size or specialty, shares one thing in common: a steadfast commitment to the free enterprise system and the Merit Shop philosophy. This philosophy maintains that the construction process operates best when guided by the principle that the lowest responsible bidder should be awarded the contract." *See* http://www.abcwpa.org (last visited on September 23, 2019).

31. Neither the claims asserted by ABC nor the relief requested in this litigation requires the participation of the organizations' individual members.

32. Plaintiff Alex E. Paris Contracting Company Inc. (Alex E. Paris) is a contractor that operates in Western Pennsylvania. Its employees have elected the United Steelworkers as their collective-bargaining representative. Because the United Steelworkers is not a member of the Pittsburgh Regional Building Trades Council, Alex E. Paris and its employees are ineligible to work on any County of Westmoreland construction project in excess of $150,000. Indeed, federal law prohibits Alex E. Paris from recognizing a union other than the United Steelworkers as the representative of its employees, which makes it impossible for Alex E. Paris to comply with the terms of the County's project labor agreement. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

33. Plaintiff Westmoreland Electric Services LLC (Westmoreland Electric) is a non-union contractor that operates in Western Pennsylvania. Because the employees of Westmoreland Electric have exercised their constitutional right to decline union membership, Westmoreland Electric and its employees are ineligible to work on any County of Westmoreland construction project in excess of $150,000. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

34. Plaintiff Lawrence Plumbing LLC (Lawrence Plumbing) is a non-union contractor that operates in Western Pennsylvania. Because the employees of Lawrence Plumbing have exercised their constitutional right to decline union membership, Lawrence Plumbing and its employees are ineligible to work on any County of Westmoreland construction project in excess of $150,000. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

35. Plaintiff David R. Smith is an employee of Westmoreland Electric. Mr. Smith is a lead journeyman electrician and site foreman, and he works on job sites to install switchgear, high-voltage wire, and subpanels. The County's PLA prohibits Mr. Smith from working on county construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

36. Plaintiff Kirtus L. Rumbaugh is an employee of Westmoreland Electric. The County's PLA prohibits Mr. Rumbaugh from working on county construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

37. Plaintiff Joseph L. Corn is an employee of Silvis Group Inc. The County's PLA prohibits Mr. Corn from working on county construction projects because he has exercised his constitutional and statutory right to decline union membership. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

38. Plaintiff Andrew Cilia is an employee of Alex E. Paris. The County's PLA prohibits Mr. Cilia from working on county construction projects because he has exercised his constitutional and statutory right to join the United Steelworkers, and to have the United Steelworkers serve as his representative rather than a union that belongs to the Pittsburgh Regional Building Trades Council. This inflicts injury in fact. This injury is caused by the County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council, and it will be redressed by declaratory and injunctive relief that prevents the County from enforcing its PLA.

39. Plaintiff Keith A. Impink is a resident and taxpayer of Westmoreland County, and he has standing as a taxpayer to challenge the County's violation of Pennsylvania's competitive-bidding laws. *See Frothingham v. Mellon*, 262 U.S. 447, 486–87 (1923) ("[R]esident taxpayers may sue to enjoin an illegal use of the moneys

of a municipal corporation."). The County's enforcement of its project labor agreement with the Pittsburgh Regional Building Trades Council inflicts injury in fact on county taxpayers by awarding projects to someone other than the lowest bidder. This injury is caused by the County's enforcement of the PLA, and it will be redressed by declaratory and injunctive relief that stops the County from enforcing it.

## CLAIM FOR RELIEF NO. 1:
## VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS

40. Both public and private employees have a constitutional right to decide whether they will join or associate with a union. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 623 (1984) ("Freedom of association therefore plainly presupposes a freedom not to associate." (citing *Abood v. Detroit Board of Education*, 431 U.S. 209, 234–35 (1977)); *Pattern Makers' League of N. Am., AFL-CIO v. N.L.R.B.*, 473 U.S. 95, 106 (1985) ("Full union membership thus no longer can be a requirement of employment.").

41. The Constitution also forbids a public employer to require its employees to join or financially support a union as a condition of employment. *See Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018).

42. A public employer cannot evade the holdings of *Abood* and *Janus* by contracting out its work and then compelling the employees of its contractors to become dues-paying union members as a condition of working on county-related projects.

43. Nor can the County require the employees of contractors to relinquish their First Amendment rights as a condition of working on county-related projects. *See Board of County Commissioners, Wabaunsee County, Kansas v. Umbehr*, 518 U.S. 668, 674 (1996) ("The government 'may not deny a benefit to a person on a basis that infringes his constitutionally protected . . . freedom of speech' even if he has no entitlement to that benefit" (quoting *Perry v. Sindermann*, 408 U.S. 593, 597 (1972))."

44. The County is violating the First and Fourteenth Amendments by requiring county contractors to compel their employees to join a union affiliated with the Pittsburgh Regional Building Trades Council as a condition of their continued employment.

45. The court should declare that the County's project labor agreement violates the First and Fourteenth Amendments, and it should enjoin the County from enforcing it.

46. The plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF NO. 2:
## VIOLATION OF THE NATIONAL LABOR RELATIONS ACT

47. 29 U.S.C. § 157 gives employees the right to decide whether they want union representation. *See N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251, 256–57 (1975) ("An employee's right to union representation upon request is based on Section 7 of the Act which guarantees the right of employees to act in concert for 'mutual aid and protection.'"); *N.L.R.B. v. Granite State Joint Bd., Textile Workers Union of America, Local 1029, AFL-CIO*, 409 U.S. 213, 216 (1972) ("Under § 7 of the Act the employees have 'the right to refrain from any or all' concerted activities relating to collective bargaining or mutual aid and protection, as well as the right to join a union and participate in those concerted activities.").

48. Mr. Cilia and his fellow employees at Alex E. Paris have exercised their right to elect the United Steelworkers as their union representative—a right protected by section 7 of the National Labor Relations Act.

49. Mr. Corn and his fellow employees at Silvis Group have exercised their right to decline to union representation—a right protected by section 7 of the National Labor Relations Act.

50. Mr. Smith and Mr. Rumbaugh and their fellow employees at Westmoreland Electric have exercised their right to decline to union representation—a right protected by section 7 of the National Labor Relations Act.

51. The County's project labor agreement violates the National Labor Relations Act because it prohibits Mr. Cilia, Mr. Corn, Mr. Smith, Mr. Rumbaugh, and their fellow employees from working on county-related construction because of their refusal to join a union belonging to the Pittsburgh Regional Building Trades Council.

52. The County's project labor agreement also violates the National Labor Relations Act by forcing county contractors to recognize a union that belongs to the Pittsburgh Regional Building Trades Council—even if their employees have chosen to decline union representation or have chosen a different union to represent them—and by forbidding the non-union members of ABC to work on county construction projects on account of their employees' decision to decline union representation.

53. The County's project labor agreement violates the National Labor Relations Act for yet another reason: It compels employees of county contractors to become union members. This violates 29 U.S.C. § 158(a)(3), which abolished the union shop and allows employers to compel only the payment of money to a union as a condition of employment. The County's project labor agreement compels employees to not only pay money to a county-approved union but to also become *members* of that union, and that violates the employees' rights under 29 U.S.C. § 158(a)(3). *See Pattern Makers' League of N. Am., AFL-CIO v. N.L.R.B.*, 473 U.S. 95, 106 (1985) ("Section 8(a)(3) of [the Taft–Hartley] Act effectively eliminated compulsory union membership by outlawing the closed shop. The union security agreements permitted by § 8(a)(3) require employees to pay dues, but an employee cannot be discharged for failing to abide by union rules or policies with which he disagrees. Full union membership thus no longer can be a requirement of employment.").

54. Finally, the County's project labor agreement violates 29 U.S.C. § 158(e), which forbids a labor organization and an employer "to enter into any contract or agreement, express or implied, whereby such employer ceases or refrains or agrees to cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employer, or to cease doing business with any other person, and any contract or agreement entered into heretofore or hereafter containing such an agreement shall be to such extent unenforceable and void." The only exception to this rule is for employers engaged primarily in the building and construction industry, but this exception is inapplicable because the County of Westmoreland is not an employer engaged primarily in the building and construction industry.

55. The court should therefore declare that the County's project labor agreement violates the Labor Relations Act, and it should enjoin the County from enforcing it.

56. The National Labor Relations Act establishes federal "rights" enforceable under 42 U.S.C. § 1983. *See Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 109 (1989).

57. The plaintiffs assert this claim under the causes of action established in 42 U.S.C. § 1983, *Ex parte Young*, 209 U.S. 123 (1908), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## CLAIM FOR RELIEF NO. 3:
## VIOLATION OF STATE COMPETITIVE-BIDDING LAWS

58. Section 512(a) of the Commonwealth Procurement Code requires all Commonwealth agency contracts to "be awarded by competitive sealed bidding except as otherwise provided in section 511 (relating to methods of source selection)." 62 Pa. C.S. § 512(a).

59. Article III, Section 22 of the Pennsylvania Constitution also mandates competitive bidding and states that the General Assembly "shall maintain by law a system

of competitive bidding under which all purchases of materials, printing, supplies or other personal property used by the government of this Commonwealth shall so far as practicable be made."

60. These competitive-bidding requirements "guard against favoritism, improvidence, extravagance, fraud and corruption in the awarding of . . . contracts . . . and are enacted for the benefit of property holders and taxpayers, and not for the benefit or enrichment of bidders." *Yohe v. City of Lower Burrell*, 208 A.2d 847, 850 (Pa. 1965).

61. The intent of competitive-bidding statutes is "to 'close, as far as possible, every avenue to favoritism and fraud in its varied forms.'" *Premier Comp Solutions, LLC v. Department of General Services*, 949 A.2d 381, 382 n.1 (Pa. Cmwlth. 2008) (quoting *Louchheim v. Philadelphia*, 66 A. 1121, 1122 (Pa. 1907)).

62. Bidders for a public contract must be "on an equal footing" and enjoy the same opportunity for open and fair competition. *See Philadelphia Warehousing and Cold Storage v. Hallowell*, 8490 A.2d 955, 957 (Pa. Cmwlth. 1985).

63. When there is no common standard on which bids are based, "[t]he integrity of the competitive bidding process is violated and the purpose of competitive bidding is frustrated." *Allan Myers, L.P. v. Dep't of Transp.*, 202 A.3d 205, 211 (Pa. Cmwlth. 2019) (citation and internal quotation marks omitted).

64. Thus, when the actual "procedures followed emasculate the benefits of [competitive] bidding, judicial intervention is proper." *Id.* (citing *Conduit and Foundation Corporation v. City of Philadelphia*, 401 A.2d 376, 379 (Pa. Cmwlth. 1979) ("[T]he courts will not condone a situation that reveals a clear potential to become a means of favoritism, regardless of the fact that the . . . officials may have acted in good faith in the particular case.")).

65. The County is violating state competitive-bidding laws because its project labor agreement discriminates against non-union contractors, as well as contractors

whose employees are represented by a union that does not belong to the Pittsburgh Regional Building Trades Council. This confers an unlawful favoritism upon contractors whose employees have joined a union belonging to the Pittsburgh Regional Building Trades Council.

66.   The County's project labor agreement does not prescribe common standards for all bidders, and all contractors bidding on the County's public-works projects are not on an equal footing. The County's project labor agreement violates the integrity of the competitive-bidding process.

67.   The court should declare that the County's project labor agreement violates state competitive-bidding laws, and it should enjoin the County from enforcing it.

68.   The plaintiffs assert this claim under the supplemental-jurisdiction statute, 28 U.S.C. § 1367, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

## DEMAND FOR RELIEF

69.   The plaintiffs respectfully request that the court:

  a.   declare that the County is violating the plaintiffs' constitutional rights under the First and Fourteenth Amendments by enforcing its project labor agreement;

  b.   declare that the County is violating the plaintiffs' federal rights under the National Labor Relations Act by enforcing its project labor agreement;

  c.   declare that the County is violating Pennsylvania's competitive-bidding laws by enforcing its project labor agreement;

  d.   permanently enjoin the County from enforcing its project labor agreement;

  e.   award costs and attorneys' fees under 42 U.S.C. § 1988;

  f. grant other and further relief that the Court may deem just, proper, or equitable.

                Respectfully submitted.

| | |
|---|---|
| | /s/ Thomas E. Weiers Jr. |
| JONATHAN F. MITCHELL* | THOMAS E. WEIERS JR. |
| Pennsylvania Bar No. 91505 | Pennsylvania Bar No. 43715 |
| Mitchell Law PLLC | Thomas E. Weiers Jr., Esq. |
| 111 Congress Avenue, Suite 400 | 2000 Georgetowne Drive, Suite 100 |
| Austin, Texas 78701 | Sewickley, Pennsylvania 15143 |
| (512) 686-3940 (phone) | (724) 719-6360 (phone) |
| (512) 686-3941 (fax) | (724) 935-3233 (fax) |
| jonathan@mitchell.law | tom.weiersesq@gmail.com |

WALTER S. ZIMOLONG*
Pennsylvania Bar No. 89151
Zimolong LLC
P.O. Box 552
Villanova, PA 19085
(215) 665-0842 (phone)
wally@zimolonglaw.com

* applications for admission pending

Dated: September 23, 2019      *Counsel for Plaintiff*